with defendant's experience and knowledge and a bearing upon his obligation of inquiry concerning the ownership of the car in question. Rich, Kapper and Carswell, JJ., concur; Young and Hagarty, JJ., dissent, being of opinion that the testimony relative to other stolen cars was improperly received and was so prejudicial to defendant as to require a new trial.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GEORGE I. RICCI, Respondent.— Mandamus order unanimously affirmed, with ten dollars costs. No opinion.  Present — Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ.

ANTHONY RAPENA, Respondent, v. THE CITY OF NEW YORK, Appellant.— Order entered October 10, 1925, vacating judgment, unanimously affirmed, with costs.  No opinion.  Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.

ANTHONY RAPENA, Respondent, v. THE CITY OF NEW YORK, Appellant.— Order dated October 21, 1926, resettling order dated October 10, 1925, vacating judgment dismissing plaintiff's complaint, affirmed, with ten dollars costs and disbursements.  No opinion.  Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ., concur.

J. DUNBAR Ross and Others, Respondents, v. LIDA W. DINKINS, Appellant.— Judgment and order reversed upon the law and the facts, and new trial granted, costs to appellant to abide the event, upon the ground that an issue of fact was presented for the jury.  Young, Kapper and Seeger, JJ., concur; Rich and Hagarty, JJ., dissent and vote to affirm.

AMALIA SANTORO, Appellant, v. ROCCO SANTORO, Respondent.— Judgment reversed upon the law and the facts, and new trial granted, without costs, upon the ground that the judgment is against the weight of the evidence.  Young, Kapper and Seeger, JJ., concur; Rich and Hagarty, JJ., dissent and vote for affirmance.

WILLIAM E. SKILLMAN, Respondent, v. NEW YORK TITLE AND MORTGAGE COMPANY, Appellant, and Others, Defendants.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.  We are of opinion that the facts here disclosed indicate that respondent's motion for examination of appellant for the purpose of enabling him to frame a complaint and to detect other defendants, was not made in good faith.  Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.

OLIVIA HOE SLADE, Appellant, v. JOHN N. STEELE and Others, Respondents.— Judgment affirmed, with costs.  No opinion.  Young, Kapper, Lazansky and Hagarty, JJ., concur.  The late Presiding Justice, William J. Kelly, having died before voting in this case, is recorded as taking no part.  The death of appellant after argument does not, in our opinion, prevent a decision.  (See *Smyth* v. *Sturgess*, 110 N. Y. 665.)

UNION CREOSOTE AND OIL COMPANY, Respondent, v. AKTIENGESELLSCHAFT " ADLER " and Others, Appellants.— Order of October 14, 1927, denying defendants' motion to compel plaintiff to accept defendants' answer, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.  We construe the order made by Mr. Justice Druhan on September 8, 1927, in which defendants were given leave to answer, as having been fully complied with by defendants in the service of their answer on October 1, 1927.  (*Moore & Co.* v. *Heymann*, 207 App. Div. 416; *Corporation of Scholes*